Chapter 128

...ll and Chairman shall serve without compensation, ...rsed for reasonable and necessary expenses incident to

...Council shall be designated in addition to the members ...shall serve in that capacity at the pleasure of the

...uant to this section, to replace a member whose ...the expiration of his term shall be filled only for the

...opment of the Arts.

...authorized and directed to establish a special fund ...talities, agencies and political subdivisions of the ...fit associations in the development of the arts in ...preciation of artistic expressions by citizens of the

contract with any instrumentality, agency or political ...any private or public nonprofit association, to ...is chapter.

...ouncil shall establish such rules and regulations as ...eligibility of any instrumentality, or agency or ...public nonprofit association for participation in ...on. A private or public nonprofit association shall ...om the Internal Revenue Service as proof of nonprofit

...be responsible for fiscal matters and auditing of funds ...Expenditures from this special fund shall be in ...be limited to appropriations provided therefore. ...fund which are unexpended or unencumbered shall not

...t from Chapter 69 of this title."

...ive immediately on the date of its enactment.

CHAPTER 129

FORMERLY

...NATE BILL NO. 87

...ENT TO THE CONSTITUTION OF THE STATE OF DELAWARE, ...N PENALTIES FOR ELECTION OFFENSES.

...MBLY OF THE STATE OF DELAWARE (Two-thirds of all ...ereof concurring therein):

...onstitution of the State of Delaware by deleting the ...the first sentence of Section 7.

...le V of the Constitution of the State of Delaware by ..."himself" wherever they occur and by inserting in lieu ...y deleting the word "his" wherever it occurs and by ...aid person's".

317

CHAPTER 130

FORMERLY

SENATE BILL NO. 58
AS AMENDED BY
SENATE AMENDMENT NOS. 1 AND 2 AND HOUSE AMENDMENT NO. 1

AN ACT TO AMEND TITLE 11 AND TITLE 16 TO PROVIDE FOR TRUTH IN SENTENCING.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. This Act shall be known as the "Truth in Sentencing Act of 1989".

Section 2. The purposes of this Act are:

A. To achieve truth in sentencing by assuring that the public, the State and the Court will know that the sentence imposed by the Court will be served by the defendant; and that, the defendant will know what the actual effect of the sentence will be.

B. To require accountability of the Court in fashioning a sentence designed to meet the objectives of SENTAC legislation including, but not limited to providing the least restrictive sentence that assures the public safety, makes use of sentencing alternatives and incarcerates the violence prone offender.

C. To encourage the Courts to impose sentences combining incarceration (where appropriate) with quasi-incarceration and probationary follow-up to assure continued supervision of offenders and their successful reentry into society with minimum risk to society.

Section 3. The provisions of this Act will take effect with respect to all crimes which are committed as of 12:01 a.m., June 30, 1990 or thereafter.

Section 4. The provisions of Title 11 and Title 16, which are repealed by this Act shall remain in force and effect for the purpose of trial and sentencing for all crimes which occur prior to 12:01 a.m., June 30, 1990.

Section 5. Amend Title 11 of the Delaware Code by striking Sections 4381, 4382, 4383 and 4384 in their entirety and enacting the following sections in lieu thereof:

"§4381. Earned Good Time.

(a) All sentences imposed for any offenses other than a life sentence imposed for Class A felonies may be reduced by earned good time under the provisions of this Section and Rules and Regulations adopted by the Commissioner of Corrections.

(b) 'Good time' may be earned for good behavior while in the custody of the Department of Corrections when the person has not been guilty of any violation of discipline, rules of the Department, or any criminal activity and has labored with diligence toward rehabilitation according to the following conditions:

(1) During the first year of any sentence, good time may be awarded at the rate of 2 days per month beginning on the first day of his confinement.

(2) After completing 365 days of any sentence, good time may be awarded at the rate of 3 days per month.

(3) No person shall be awarded more than 36 days of good time under this subsection for good behavior in any one year consisting of 365 calendar days actually served.

(c) 'Good time' may be earned for participation in educational and/or rehabilitation programs as designated by the Commissioner under the following conditions:

(1) Good time may be awarded for satisfactory participation in approved programs at a rate of up to 2 days per calendar month.

(2) No more than 24 days of program good time total as established in this subsection may be awarded in any one year consisting of 365 days actually served

A224

318

Chapter 130

(d) 'Good time' may be earned by participation in work programs as authorized by §6532 of this Title at a rate of up to 2.5 days per month with a limit of 30 days earned during any one year consisting of 365 days actually served.

(e) No more than a total of 90 days of 'good time' may be earned in any one year consisting of 365 days actually served.

§4382. Forfeiture of Good Time.

(a) Any person subject to the custody of the Department at Levels IV or V shall, upon the conviction of any crime during the term of his sentence, forfeit all good time accumulated to the date of the criminal act. This forfeiture is not subject to suspension.

(b) Any person subject to the custody of the Department of Corrections at Level IV or V who is determined to have violated the Rules and Procedures of the Department of Corrections shall accrued to the date of such offense. Forfeiture under this subsection may be suspended by the Department for the purposes of encouraging rehabilitation or compliance with discipline.

(c) When good time is actually ordered forfeit, it may not be recovered by the Incarcerated person.

Section 6. Amend Title 11 of the Delaware Code by striking Sections 4201, 4202, 4204(b), 4205, 4206, 4207 and 4209A in their entirety, and enacting the following sections in lieu thereof:

§4201. Classification of Felonies.

(a) Felonies are classified, for the purpose of sentence, into seven (7) categories:

(1) Class A Felonies;
(2) Class B Felonies;
(3) Class C Felonies;
(4) Class D Felonies;
(5) Class E Felonies;
(6) Class F Felonies;
(7) Class G Felonies.

(b) Any crime or offense which is designated as a felony but which is not specifically given a class shall be a Class G Felony and shall carry the sentence provided for said class felony.

§4202. Classification of Misdemeanors.

(a) Misdemeanors are classified for the purpose of sentence into two (2) categories:

(1) Class A Misdemeanors;
(2) Class B Misdemeanors.

(b) Any offense defined by statute which is not specifically designated a felony, a Class A Misdemeanor, a Class B Misdemeanor or a Violation shall be an unclassified Misdemeanor.

§4204. Authorized Disposition of Convicted Offenders.

(a) A person convicted of a class A felony may be sentenced to life imprisonment in accordance with §4205 of this Title, unless the conviction is for first-degree murder, in which event §4209 of this Title shall apply. Notwithstanding any other statute, a sentence under §4209 of this Title may not be suspended or reduced by the court.

319

Chapter 130

§4205. Sentence for Felonies.

(a) A sentence of incarceration for a felony shall be a definite sentence.

(b) The term of incarceration which the Court may impose for a felony is fixed as follows:

(1) For a Class A Felony not less than 15 years up to life imprisonment to be served at Level V except for conviction of first degree murder in which event §4209 of this Title shall apply.

(2) For a Class B Felony not less than 2 years up to 20 years to be served at Level V.

(3) For a Class C Felony up to 10 years to be served at Level V.

(4) For a Class D Felony up to 8 years to be served at Level V.

(5) For a Class E Felony up to 5 years to be served at Level V.

(6) For a Class F Felony up to 3 years to be served at Level V.

(7) For a Class G Felony up to 2 years to be served at Level V.

(c) In the case of the conviction of any felony, the Court shall impose a sentence of Level V incarceration where a minimum sentence is required by subsection (b) of this Section and may impose a sentence of Level V incarceration up to the maximum stated in subsection (b) for each class of felony.

(d) Where a minimum sentence is required by subsection (b) of this Section, such sentence shall not be subject to suspension by the Court.

(e) Where no minimum sentence is required by subsection (b), or with regard to any sentence in excess of the minimum required sentence, the Court may suspend that part of the sentence for probation or any other punishment set forth in §4204 of this Title.

(f) Any term of Level V incarceration imposed under this Section must be served in its entirety at Level V, reduced only for earned 'good time' as set forth in §4381 of this Title.

(g) No term of Level V incarceration imposed under this Section shall be served in other than a full custodial Level V institutional setting unless such term is suspended by the Court for such other level sanction.

(h) The Department of Corrections, the remainder of this Section notwithstanding, may house Level V inmates at a Level IV work release center or halfway house during the last 180 days of their sentence; provided, however, that the first five (5) days of any sentence to Level V, not suspended by the Court, must be served at Level V.

(i) The Department of Corrections, the remainder of this Section notwithstanding, may grant Level V inmates 48-hour furloughs during the last 120 days of their sentence to assist in their adjustment to the community.

(j) No sentence to Level V incarceration imposed pursuant to this Section is subject to parole.

(k) In addition to the penalties set forth above, the Court may impose such fines and penalties as it deems appropriate.

(l) In all sentences for less than one year the Court may order that more than five (5) days be served in Level V custodial setting before the Department may place the offender in Level IV custody.

§4206. Sentence for Misdemeanors.

(a) The sentence for a Class A Misdemeanor may include up to 1 year incarceration at Level V and such fine up to $2,000, restitution or other conditions as the Court deems appropriate.

(b) The sentence for a Class B Misdemeanor may include up to 6 months incarceration at Level V and such fine up to $1,000, restitution or other conditions as the Court deems appropriate.

A225

320                                                                 Chapter 130

(c) The sentence for an unclassified Misdemeanor may include up to 30 days Incarceration at Level V and such fine up to $500, restitution or other conditions as the Court deems appropriate.

(d) The Court may suspend any sentence imposed under this Section for probation or any of the other sanctions set forth in §4204 of this Title.

(e) Any term of Level V Incarceration imposed under this Section must be served in its entirety at Level V, reduced only for earned 'good time' as set forth in §4381 of this Title.

(f) No term of Level V Incarceration imposed under this Section shall be served in other than a full custodial Level V Institutional setting unless such term is suspended by the Court for such other level sanction.

(g) Any term of Level V Incarceration imposed under this Section notwithstanding, may house Level V inmates at a Level IV work release center or halfway house during the last 180 days of their sentence; provided, however, that the first five (5) days of any sentence to Level V, not suspended by the Court, must be served at Level V.

(h) The Department of Corrections, the remainder of this Section notwithstanding, may grant Level V inmates 48-hour furloughs during the last 120 days of their sentence to assist in their adjustment to the community.

§4207. Sentences for Violations.

(a) Any sentence for issuing a worthless check pursuant to §900 of this Title shall require restitution to the person to whom the check was given. For the purposes of this subsection, restitution shall mean the amount for which the check was written plus a service fee of $30.00 for processing a worthless check, or a fee of $50.00 if more than one check by same person was processed.

(1) The Court may impose a fine of up to $300 for the first offense of any violation, up to $600 for the second offense of that same violation and up to $1,000 for the third offense of the same violation, provided that only violations which occurred within 5 years of the violation for which sentence is imposed shall be considered in determining sentence.

(b) The Court may impose a period of Level I probation up to 1 year for any violation."

(3) In all sentences for less than one year the Court may order that more than five (5) days be served in Level V custodial setting before the Department may place the offender in Level IV custody.

Section 7. Amend Chapter 43, of Title 11 of the Delaware Code by adding a new §4354 thereto which shall read as follows:

'§4354. Applicability to Sentences Imposed Pursuant to Truth in Sentencing.

No sentence imposed pursuant to the provisions of the Truth in Sentencing Act of 1989, shall be subject to parole under the provisions of this subchapter."

Section 8. Amend Title 11 of the Delaware Code by designating the following offenses to the following classification.

"Section              Classification

501                   Class A Misdemeanor
502                   Class A Misdemeanor
503                   Class F Felony
511                   Class E Felony
512                   Class A Misdemeanor
513                   Class G Felony
521                   Class E Felony
                      Unclassified Misdemeanor

Chapter 130                                                              321

602                   Unclassified Misdemeanor
603                   Class A Misdemeanor
604                   Class E Felony
611                   Class A Misdemeanor
612                   Class D Felony
613                   Class C Felony
621                   Class A Misdemeanor
625                   Class A Misdemeanor
626                   Class G Felony
627                   Unclassified Misdemeanor
628                   Class B Misdemeanor
629                   Class A Misdemeanor
630                   Class F Felony
630A                  Class E Felony
631                   Class E Felony
632                   Class C Felony
635                   Class B Felony
636                   Class A Felony
652                   Class A Misdemeanor
653                   Class B Misdemeanor
651                   Class F Felony
645                   Class F Felony
764                   Unclassified Misdemeanor
765                   Class A Misdemeanor
766                   Class A Misdemeanor
767                   Class A Misdemeanor
768                   Class G Felony
769                   Class F Felony
770                   Class E Felony
771                   Class D Felony
772                   Class C Felony
773                   Class C Felony
774                   Class B Felony
775                   Class A Felony
781                   Class A Misdemeanor

322

Chapter 130

| | |
|---|---|
| 782 | Class G Felony |
| 783 | Class C Felony |
| 783A | Class B Felony |
| 785 | Class A Misdemeanor |
| | |
| 803 | Class C Felony |
| 802 | Class D Felony |
| 801 | Class G Felony |
| 791 | Class A Misdemeanor |
| | |
| 804 | Class A Misdemeanor |
| 811(b)(1) | Class G Felony |
| 811(b)(2) | Class A Misdemeanor |
| 811(b)(3) | Unclassified Misdemeanor |
| 820 | Class B Misdemeanor |
| 821 | Violation |
| 822 | Unclassified Misdemeanor |
| 823 | Class A Misdemeanor |
| 824 | Class F Felony |
| 825 | Class D Felony |
| 826 | Class C Felony |
| 828 | Class F Felony |
| 831 | Class E Felony |
| 832 | Class B Felony |
| 840 | Class G Felony – $500 or more |
| 841 | Class A Misdemeanor – less than $500 |
| | Class G Felony – $500 or more |
| | Class A Misdemeanor – less than $500 |
| 846 | Class E Felony |
| 849 | Class A Misdemeanor – $500 or more |
| 850 | Class B Misdemeanor |
| 851 | Class G Felony – $500 or more |
| 853 | Class A Misdemeanor – less than $500 |
| 859 | Class G Felony |
| | Class G Felony if child removed from DE |

323

Chapter 130

| | |
|---|---|
| 861(b)(1) | Class F Felony |
| 861(b)(2) | Class G Felony |
| 861(b)(3) | Class A Misdemeanor |
| 862 | Class G Felony |
| 871 | Class A Misdemeanor |
| 873 | Class A Misdemeanor |
| 876 | Class E Felony |
| 877 | Class A Misdemeanor |
| 878 | Class G Felony |
| 881 | Class A Misdemeanor |
| 882 | Class A Misdemeanor |
| 891 | Class A Misdemeanor |
| 892 | Class A Misdemeanor |
| 893 | Class A Misdemeanor |
| 900 | Class G Felony – $500 or more |
| 903 | Class A Misdemeanor – less than $500 |
| | Class G Felony – $500 or more |
| 905 | Class A Misdemeanor – less than $500 |
| 907 | Class A Misdemeanor |
| 908 | Class G Felony |
| 909 | Class A Misdemeanor |
| 910 | Class B Misdemeanor |
| 911 | Class G Felony |
| 912 | Class G Felony |
| 913 | Class G Felony |
| 920 | Class G Felony |
| 921 | Unclassified Misdemeanor |
| 922 | Class A Misdemeanor |
| 931(a) | Class D Felony |
| 931(b) | Class E Felony |
| 931(c) | Class F Felony |
| 931(d) | Class G Felony |
| 937(e) | Class A Misdemeanor |
| 1001 | Class G Felony |
| 1101 | Class A Misdemeanor |

A227

324

Chapter 130

| | |
|---|---|
| 1102 | Class A Misdemeanor |
| 1105 | Class A Misdemeanor |
| 1106 | Class B Misdemeanor |
| 1107 | Unclassified Misdemeanor |
| 1108 | Class B Felony |
| 1109 | Class D Felony |
| 1110 | Class B Felony |
| 1201 | Class E Felony |
| 1203 | Class E Felony |
| 1205 | Class A Misdemeanor |
| 1206 | Class A Misdemeanor |
| 1207 | Class A Misdemeanor |
| 1211 | Class A Misdemeanor |
| 1212 | Class A Misdemeanor |
| 1221 | Class A Misdemeanor |
| 1222 | Class F Felony |
| 1223 | Class D Felony |
| 1233 | Class A Misdemeanor |
| 1241 | Class B Misdemeanor |
| 1243 | Class A Misdemeanor |
| 1244 | Class A Misdemeanor |
| 1245 | Unclassified Misdemeanor |
| 1246 | Class A Misdemeanor |
| 1251 | Class A Misdemeanor |
| 1252 | Class G Felony |
| 1253 | Class D Felony |
| 1254(a) | Class D Felony |
| 1254(b) | Class B Felony |
| 1256 | Class A Misdemeanor |
| 1257 | Class A Misdemeanor |
| 1259 | Class G Felony |
| 1261 | Class E Felony |
| 1262 | Class E Felony |
| 1263 | Class E Felony |
| 1263A(a)(2) | Class E Felony |

325

Chapter 130

| | |
|---|---|
| 1263A(a)(3)b | Class E Felony |
| 1263A(a)(4)(b) | Class E Felony |
| 1263A(a)(1) | Class G Felony |
| | Class F Felony |
| | (If witness is complaining witness) |
| 1263A(a)(3)a | Class G Felony |
| | Class F Felony |
| | (If witness is complaining witness) |
| 1263A(a)(4)a | Class G Felony |
| | Class F Felony |
| | (If witness is complaining witness) |
| 1264 | Class E Felony |
| 1265 | Class E Felony |
| 1266 | Class A Misdemeanor |
| 1267 | Class A Misdemeanor |
| 1269 | Class G Felony |
| 1271(1) | Class B Misdemeanor |
| 1271(2) | Class A Misdemeanor |
| 1271(3) | Class A Misdemeanor |
| 1271(4) | Class A Misdemeanor |
| 1271(5) | Class A Misdemeanor |
| 1271(6) | Class A Misdemeanor |
| 1271(7) | Class A Misdemeanor |
| 1271(8) | Class A Misdemeanor |
| 1273 | Class B Misdemeanor |
| 1301 | Unclassified Misdemeanor |
| 1302 | Class F Felony |
| 1311 | Unclassified Misdemeanor |
| 1312 | Class B Misdemeanor |
| 1313 | Class A Misdemeanor |
| 1315 | Unclassified Misdemeanor - If 2 prior convictions within one year, otherwise a Violation |
| 1320 | Violation |
| 1321 | Violation |
| 1322 | Unclassified Misdemeanor |
| 1323 | Violation |

A228

326

Chapter 130

| | |
|---|---|
| 1324 | Unclassified Misdemeanor |
| 1325 | Class A Misdemeanor |
| 1326 | Violation |
| 1331 | Class A Misdemeanor |
| 1332 | Class A Misdemeanor |
| 1335 | Class A Misdemeanor |
| 1336(b) | Class G Felony |
| 1336(d) | Class G Felony |
| 1336(r) | Class A Misdemeanor |
| 1338 | Class D Felony |
| 1339 | Class G Felony – unless injury |
| 1340 | Class E Felony – if injury<br>Class A Felony – if death |
| 1341 | Class A Misdemeanor –provided mandatory fine shall remain as is |
| 1342 | Class B Misdemeanor |
| 1343 | Violation |
| 1351 | Class F Felony |
| 1352 | Class E Felony |
| 1353 | Class C Felony |
| 1355 | Class B Misdemeanor |
| 1361 | Class E Felony – for sale to minor |
| 1365 | Class G Felony – otherwise |
| 1401 | Class A Misdemeanor |
| 1402 | Class A Misdemeanor |
| 1403 | Class A Misdemeanor |
| 1404 | Unclassified Misdemeanor – unless previous conviction within 5 years then Class A Misdemeanor |
| 1405 | Class A Misdemeanor |
| 1406 | Class A Misdemeanor |
| 1407 | Violation |
| 1411 | Class A Misdemeanor |
| 1428 | Class A Misdemeanor |
| 1442 | Class G Felony – unless second offense within 5 years then Class E Felony |

Chapter 130

Section 9. Amend Title 16 of the Delaware Code by designating the following offenses to the following classifications:

"Section | Classification
---|---
1504(a) | Class B Felony".
1443 | Class D Felony
1444 | Class E Felony
1445 | Unclassified Misdemeanor
1446 | Unclassified Misdemeanor
1447 | Class B Felony
1448 | Class F Felony
1449 | Class B Felony
1450 | Class F Felony
1451 | Class F Felony
1452 | Class B Misdemeanor
1453 | Class B Misdemeanor
4752 | Class E Felony
4752A | Class D Felony
4753 | Class A Misdemeanor
4753A(a)(1) | Class B Felony
4753A(a)(2) | Class B Felony
4753A(a)(3) | Class B Felony
4753A(a)(4) | Class B Felony
4753A(a)(5) | Class B Felony
4753A(a)(6) | Class B Felony
4753A(a)(7) | Class B Felony
4753A(a)(8a) | Class B Felony
4754 | Class B Misdemeanor
4754A | Class B Misdemeanor
4755(a)(1) | Class F Felony
4755(a)(2) | Class F Felony
4755(a)(3) | Class A Misdemeanor
4755(a)(4) | Class F Felony
4755(a)(5) | Class F Felony
4756 | Class F Felony
4757(c) | Unclassified Misdemeanor
4757(d) | Class G Felony

327

A229

328                                                                                 Chapter 130

Section 10. Amend Title 16, §4763(a)(1) by striking the number of years in each subsection and inserting in lieu thereof the following years:

'Subsection                                    Years

4761(1)    Class C Felony                        2
4761(2)    Class E Felony                        3
4761(3)    Class B Felony                        5
4761(4)    Class C Felony                       10
4771       Class A Misdemeanor                   9
4772       Class G Felony
4773       Class G Felony                       17'.
4774       Class E Felony
           Unclassified Misdemeanor".

Section 11. Notwithstanding any provision of this Act to the contrary, the fines and mandatory sentence provisions of the following sections of Title 16 shall remain in effect as indicated:

"Section                              Mandatory Sentence Provision

4752                                  Fines remain in effect
4753A                                 All mandatory fines and minimum
                                      mandatory terms of incarceration
                                      remain in effect
4761(3) & (4)                         All minimum mandatory terms of
                                      incarceration remain in effect
4763(a)(2)                            All minimum mandatory terms of
                                      incarceration remain in effect.

Section 12. Notwithstanding any provision in this Act to the contrary, the mandatory sentence provisions of Title 11, Sections 630(b), 630(a)(b), and 831(b) shall remain in effect as indicated.

Section 13. Amend Title 11, Section 832 by striking said subsections (b), (c) and (d) in their entirety and substituting in lieu thereof the following language:

"(b) A person convicted of Robbery First Degree for a second or subsequent offense shall receive a minimum sentence of four (4) years at Level V notwithstanding the provisions of §§4205(b)(2) and 4215 of this Title.

(c) The sentencing provisions of this section apply to Attempted Robbery First Degree as well as Robbery First Degree."

Section 14. Amend Title 11, Chapter 42 by adding a new subsection 4216 thereto which shall read as follows:

'§4216. Transition Provisions.

(a) Where an inmate is serving a sentence to Level V (incarceration) imposed not under the Truth in Sentencing Act of 1989 and receives a subsequent sentence to Level V

---

Chapter 130                                                                           329

under the provisions of the Truth in Sentencing Act serving of the earlier sentence shall be suspended and the inmate shall serve the new Level V sentence until it is completed and then resume serving the original sentence.

(b) Where an inmate is serving a 'non-mandatory' Level V (Incarceration) sentence and is subsequently sentenced to a mandatory term of incarceration, serving of the earlier sentence shall be suspended and the inmate shall serve the new mandatory Level V sentence until it is completed and then resume serving the earlier sentence.

(c) Where an inmate is serving Level V (Incarceration) sentence imposed not under the Truth in Sentencing Act of 1989, and is subsequently sentenced to Level V under the provisions of the Truth in Sentencing Act and had less than three years remaining on his prior sentence, the Court at the time of sentencing under the Truth in Sentencing Act may in its discretion suspend the remainder of the prior sentence and Truth in Sentencing Level V sentence.

(d) Any Individual convicted of a crime on or after January 1, 1990, which crime occurred prior to that date may elect to be sentenced under the provisions of this Act rather than under the prior provisions of this Title."

Section 15. Amend §4751 of Title 16 by repealing said section in its entirety and inserting in lieu thereof the following section:

"§4751. Prohibited Acts A; Penalties

(a) Except as authorized by this Chapter, any person who manufactures, delivers or possesses with intent to manufacture or deliver a controlled substance or a counterfeit controlled substance classified in Schedule I or II which is a narcotic drug is guilty of a Class C Felony and shall be fined not less than $5,000 nor more than $50,000.

(b) Except as authorized by this Chapter, in cases where death occurs as a result of the use or consumption of a controlled substance or counterfeit controlled substance classified in Schedule I or II which is a narcotic drug, any person who is convicted of manufacturing or delivering such drug shall be guilty of a Class B felony and shall be fined not less than $10,000 nor more than $100,000.

(c) Where an individual is convicted of a violation of subsection (a) or (b) of this section and the Attorney General may move to sentence the defendant as a non-addict, the Court shall conduct a hearing at which the Attorney General shall have the burden of proof by a preponderance of the evidence that the defendant is a non-addict. If the Court, after hearing, is satisfied that the defendant is, and was at the time of the offense, not addicted to controlled substances, then the following enhanced penalties shall apply:

(1) for the first violation of this section a mandatory minimum sentence of 6 years to be served at Level V.

(2) for the second or subsequent violation of this section a mandatory minimum sentence of 12 years to be served at Level V.

These minimum sentences may not be suspended by the Court."

Section 16. Amend Title 11 of the Delaware Code of 1974 by enacting a new §4216 thereto which shall read as follows:

"§4216. Jurisdiction Over Sentence Retained.

(a) In any case where the trial Court has imposed a sentence in excess of two years incarceration at Level V custody the Court shall retain jurisdiction to modify such sentence to reduce the level of custody or time to be served under the provisions of this section.

(b) The Court may modify such sentence solely upon the basis of an application filed by the Department of Correction for good cause shown.

(c) Good cause under this section shall include, but not be limited to, exception rehabilitation of the offender, serious medical illness or infirmity of the offender and prison overcrowding.

(d) Any application by the Department of Correction under this section shall be filed with the Board of Parole which shall hold a hearing under the provisions of

A230

subsection 4350(a) of this Title for the purpose of making a recommendation to trial court as to approval or disapproval of the application for modification.

(c) Upon receipt of the recommendation of the Board of Parole, the Court may in its discretion grant or deny the application for modification of sentence. The Court may request additional information, but need not hold further hearings on the application."

Section 17. Amend Title 11 of the Delaware Code of 1974 by enacting a new subsection 4204(l) thereto which shall read as follows:

"(l) Whenever a Court imposes a period of incarceration at Level V custody for one or more offenses that totals one year or more, then that Court must include as part of its sentence a period of custodial supervision at either Level IV, III or II for a period of not less than six months to facilitate the transition of the individual back into society."

Section 18. Amend Title 11 of the Delaware Code of 1974 by enacting a new subsection 4204(m) thereto to read as follows:

"(m) Whenever a court imposes a period of incarceration at Level V custody in excess of 30% of the maximum allowable penalty or imposes a period of incarceration at Level V custody less than 20% of the maximum allowable penalty, such court shall explain, in writing, the aggravating or mitigating circumstances for imposing such penalty. The basis for mitigating or aggravating circumstances shall be prescribed and adopted by the Sentencing Accountability Commission."

Approved July 17, 1989.

CHAPTER 131

FORMERLY

HOUSE BILL NO. 348

AN ACT TO AMEND CHAPTER 35, TITLE 7 OF THE DELAWARE CODE RELATING TO COMMERCIAL FOREST PLANTATIONS.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Section 3503, Chapter 35, Title 7 of the Delaware Code by adding in said section immediately following the second sentence thereof and before the third sentence thereof the following:

"Additionally, all applications for tax exemption must be accompanied by a forest management plan approved by the State Forester."

Approved July 18, 1989.

CHAPTER 132

FORMERLY

HOUSE BILL NO. 349

AN ACT TO AMEND CHAPTER 29, TITLE 7 OF THE DELAWARE CODE RELATIN

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DE members elected to each House thereof concurring therein):

Section 1. Amend Section 2908, Chapter 29, Title 7 of the new sentences to paragraph 6 of said Section to read as follows

"Said program for issuing permits for various activiti include but is not limited to the authority to adopt st issuances of permits including fees for the use of Stat parties by the Department of Agriculture. It is expres collected by the Department shall not exceed $30.00 per the State appropriation or be deducted therefrom, but shall available for carrying out the provisions of this subsec paid to the State Treasurer and credited by him/her to carrying out the purposes of this subchapter."

Approved July 18, 1989.

CHAPTER 133

FORMERLY

HOUSE BILL NO. 350

AN ACT TO AMEND CHAPTER 29, TITLE 7 OF THE DELAWARE CODE R

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF D

Section 1. Amend Title 7, Section 2961 of the Delaware and a comma as "Ohio," to the list of states forming the the state "New Jersey" and before the state "Pennsylvania"

Approved July 18, 1989.

760

CHAPTER 350

FORMERLY

SENATE BILL NO. 397
AS AMENDED BY SENATE AMENDMENT NO. 1

AN OMNIBUS ACT TO AMEND TITLE 11 AND TITLE 16 TO PROVIDE CLARIFICATION AND CONSISTENT APPLICATION OF THE INTENT OF THE TRUTH IN SENTENCING ACT OF 1989.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. Amend Title 11, Section 4204(m) by striking said section in its entirety and substituting the following:

"(m) Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such court shall set forth on the record its reasons for imposing such penalty."

Section 2. Amend Title 11, Section 4206(c) by striking said section in its entirety and substituting the following:

"(c) the sentence for an unclassified misdemeanor shall be a definite sentence fixed by the court in accordance with the sentence specified in the law defining the offense. If no sentence is specified in such law, the sentence may include up to 30 days incarceration at Level V and such fine up to $500, restitution or other conditions as the court deems appropriate."

Section 3. Amend Title 11, Section 4216(d) by striking the words "to that date" and substituting therefore the words "June 30, 1990".

Section 4. Amend Title 11, Section 4217 by striking subsections (a) and (b) in their entirety and substituting therefor the following:

"(a) In any case where the trial court has imposed an aggregate sentence of incarceration at Level V in excess of one year, the court shall retain jurisdiction to modify the sentence to reduce the level of custody or time to be served under the provisions of this section.

(b) The court may modify the sentence solely on the basis of an application filed by the Department of Correction for good cause shown which certifies that the release of the defendant shall not constitute a substantial risk to the community or himself."

Section 5. Amend Title 11, Section 4217(c) by striking the words "exception of" and substituting therefor the word "exceptional".

Section 6. Amend Title 11, Section 4217 by adding thereto a new subsection (f) to read as follows:

"(f) Nothing contained in this section shall be construed to limit the court's ability to modify a sentence within the scope of the trial court's duly promulgated rules."

Section 7. Amend Title 11, Section 859(a) by deleting all words after "Class G felony".

Section 8. Amend Title 11, Section 1335(b) by deleting all words after "Class G felony".

Section 9. Amend Title 11, Section 1336(d) by deleting all words after Class G felony'.

Section 10. Amend Title 11, Section 1336(r) by deleting all words after "Class A misdemeanor".

Section 11. Amend Title 11, Section 1361(b) by deleting subsection (b) in its entirety and substituting the following:

"(b) Obscenity is a Class E felony if a person sells, delivers or provides any obscene picture, writing, record or other representation or embodiment of the obscene to a person under the age of 18. In all other cases, obscenity is a Class G felony. In addition to the above penalties, upon conviction of obscenity involving live conduct as defined in Section 1364 of this Title, the court shall order the business or establishment which presented, displayed or exhibited such conduct closed for a period of 6 months."

Chapter 350    761

Section 12. Amend Title 11, Section 1361(c) by deleting the words "for Class G felony obscenity".

Section 13. Amend Title 11, Section 1504(a) by deleting all words following "punished by imprisonment" and inserting thereafter the words "and pay a fine of not less than $25,000."

Section 14. Amend Title 16, Section 4752 by deleting the words "10 years" and substituting therefor the words "5 years".

Section 15. Amend Title 16, Section 4753 by deleting everything after the words "Class A misdemeanor".

Section 16. Amend Title 16, Section 4754(a) by deleting everything after the words "Class B misdemeanor".

Section 17. Amend Title 16, Section 4754(b) by deleting everything after the words "Class B misdemeanor".

Section 18. Amend Title 16, Section 4755(b) by deleting said section in its entirety and substituting therefor the following:

"(b) Any person who violates paragraph (a)(1), (a)(2), (a)(4) or (a)(5) of this section shall be guilty of a Class F felony. Any person who violates paragraph (a)(3) of this section shall be guilty of a Class A misdemeanor."

Section 19. Amend Title 16, Section 4756(b) by deleting everything after the words "Class F felony".

Section 20. Amend Title 16, Section 4757(c) by deleting the words "More than 1 year" and substituting therefor the words "more than 30 days".

Section 21. Amend Title 16, Section 4757(d) by deleting everything following the words "Class G felony".

Section 22. Amend Title 16, Section 4761(1) by deleting everything after the words "Class C felony".

Section 23. Amend Title 16, Section 4761(2) by deleting everything after the words "Class E felony".

Section 24. Amend Title 16, Section 4771 by deleting everything after the words "Class A misdemeanor".

Section 25. Amend Title 16, Section 4772 by deleting everything after the words "Class G felony".

Section 26. Amend Title 16, Section 4773 by deleting everything after the words "Class E felony".

Section 27. Amend Title 16, Section 4774 by deleting everything after the words "unclassified misdemeanor".

Section 28. Amend Title 16, Section 4216(c) by striking said section in its entirety and substituting the following:

"(c) where an inmate is serving Level V (incarceration) sentence(s) imposed not under the Truth in Sentencing Act of 1989, and is subsequently sentenced to Level V under the provisions of the Truth in Sentencing Act and had less than an aggregate 3 years remaining on his prior sentence(s), the Court at the time of sentencing under the Truth in Sentencing Act may in its discretion suspend the remainder of the prior non-Truth in Sentencing Level V sentence(s), unless such sentence was a statutory mandatory term."

Section 29. Amend Title 11, Section 635 by adding, after the words "B felony.", the following: "Notwithstanding any provision of this Title to the contrary, the minimum sentence for a person convicted of Murder Second Degree in violation of this section shall be ten (10) years at Level V."

Section 30. Amend Title 11, Section 774 by adding, after the words "B felony.', the following: "Notwithstanding any provision of this Title to the contrary, the minimum

A232

762

sentence for a person convicted of Unlawful Sexual Intercourse in the Second Degree in violation of this section shall be ten (10) years at Level V."

Section 31. Amend Title 11, Section 6532(d) by striking the words "Class B felony" and substituting in their place the words "Class B felony or Class C felony".

Section 32. Amend Title 11, Section 6537(b) as follows:

a). By deleting the words "Notwithstanding any other provision of this section or title to the contrary" and inserting in their place the words "With the exception of the authority granted under Section 4205(h) and 4205(i) of this Title".

b). By adding after the words "B felony sex offense" the words "or C felony sex offense".

Section 33. Amend Title 11, Section 4204(l) by adding the following at the end of said section:

"The 6-month transition period required by this subsection may, at the discretion of the Court, be in addition to the maximum sentence of imprisonment established by the statute."

Section 34. Amend Title 11, Section 1326(a) by deleting all the words following "shall be guilty of" and inserting thereafter the words "a Class A misdemeanor."

Section 35. Amend Title 11, Section 1326(b) by deleting all words following "is guilty of" and inserting thereafter the words "a Class B misdemeanor."

Section 36. Amend Title 11, Section 1253 by deleting the second paragraph in its entirety, replacing with the following:

"Escape after conviction shall be a Class D felony; provided however, that if the defendant uses force or the threat of force against another person or has a deadly weapon in his possession at the time of escape, it shall be a Class C felony. If the defendant inflicts injury upon another person during the escape or from the time of escape until such person is again in custody, it shall be a Class B felony. Any sentence imposed upon conviction of escape after conviction shall not run concurrently with any other sentence."

Section 37. Amend Title 11, Section 4214 as follows:

a) Amend subsection (a) by deleting the words "may, in its discretion, impose a life sentence upon the person so convicted." and substituting in lieu thereof the following:

"may in its discretion, impose a sentence of up to life imprisonment upon the person so convicted. Notwithstanding any provision of this Title to the contrary, any sentence so imposed pursuant to this subsection shall not be subject to suspension by the Court, and shall be served in its entirety at a full custodial Level V institutional setting without benefit of probation or parole, except that any such sentence shall be subject to the provisions of Sections 4205(h), 4217, 4381, and 4382 of this Title."

b) Amend Subsection (b) by adding the following language at the end thereof:

"Notwithstanding any provision of this Title to the contrary, any sentence imposed pursuant to this subsection shall not be subject to suspension by the Court, and shall be served in its entirety at a full custodial Level V institutional setting without benefit of probation, parole, earned good time or any other reduction."

Section 38. Except for Section 3 of this Act, which Section shall be effective immediately, the provisions of this Act shall be effective at the same time and in the same manner as the provisions of 67 Delaware Laws, Chapter 130.

Approved July 13, 1990.

---

CHAPTER 351

FORMERLY

SENATE BILL NO. 412
AS AMENDED BY SENATE AMENDMENT NO. 1 AND HOUS[E]

AN ACT TO AMEND CHAPTER 27, TITLE 10 OF THE DELAWARE CODE COMMISSIONING OF CONSTABLES.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DE[LAWARE]:

Section 1. Amend §2701, Title 10, Delaware Code by entirety and substituting in lieu thereof the following:

"§2701. Appointment.

(a) The Board of Examiners of Constables shall ap[point] of constables as it deems necessary, from among those pe[rsons] to preserve the peace and good order of the state.

(b) Upon expiration of a constable's term of off[ice] of Examiners that his commission as a constable be ren[ewed] be within the discretion of the Board of Examiners, and such review."

Section 2. Amend §2702(e), Title 10 of the Delaware Cod[e] its entirety and substituting in lieu thereof the following

"(e) After the review process is completed, the [Board] and commission those applicants who have, as determ[ined] satisfied the requirements of this chapter and who are constables."

Section 3. Amend §2703(e), Title 10, Delaware Code Governor" as they appear in the first sentence of said subs[ection]

Section 4. Amend §2703, Title 10, Delaware Code by ad[ding] follows:

"(f) No constable shall be appointed for the corporation, civic association or governmental entity of Examiners that the proposed appointment will be i[n] enforcement or police agencies and is necessary t[o] circumstances where public law enforcement or police ag[encies]

Section 5. Amend §2704(a), Title 10, Delaware Code b[y] entirety and substituting in lieu thereof the following:

"(a) The term of office for constables shall b[e] appointed prior to the effective date of this law shal[l] by the Board of Examiners within one (1) year of th[e] after review may be discharged by the Board for cause term. A constable, including one appointed before th[e] be discharged by the Board for cause prior to the expi[ration] Examiners shall establish procedures for notificatio[n] authorities of its discharge of a constable. For the shall mean: (1) Conviction of a crime involving mor[al] felony; (3) A finding by the Board that an individual a constable's commission; or (4) Gross negligence constable's duties."

Section 6. Amend §2705, Title 10, Delaware Code by ad[ding] shall read as follows:

"(4) As part of his duty, and in the exercise o[f] full service police agency which has primary law e[nforcement] instance in which he makes a custodial detention, a[nd] place, or when the occurrence of a criminal act is r[eported] responsibility of the full service police agen[cy] investigation and to comply with the reporting [of] Identification.