IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

JOHN H. BENGE, JR., )
    *PETITIONER* )
)
)
v. ) NO. 05-0550(GMS)
)
RICK KEARNEY, WARDEN )
SUSSEX CORRECTIONAL )
INSTITUTION, )
    *RESPONDENT* )
)

FILED
AUG 2 6 2005
U.S. DISTRICT COURT

**MOTION FOR AN ORDER FIXING CONDITIONS UPON
THE TRANSFER OF PETITIONER'S CUSTODY**

COMES NOW, John H. Benge, Jr., petitioner *pro se*, and moves this Court for an order fixing the conditions of prior notice to this Court and "need shown" upon any transfer of custody of petitioner. The grounds for this motion are as follows:

1. Petitioner has filed two *habeas corpus* petitions in this Court. The first of these petitions [Civil Action No. 05-0500(GMS)] challenges three October 10, 2002 convictions in Delaware Superior Court in Sussex County. That petition sets forth four due process grounds for *habeas corpus* relief and a fifth grounds based on a 6th Amendment *Blakely v. Washington*, 542 U.S. __ (2004) challenge to Delaware's system of imposing enhanced criminal sentences as that system applies to petitioner.

2. The second of petitioner's *habeas corpus* petitions [Civil Action No. 05-0501(GMS)] attacks a March 19, 2003 enhanced sentence in Delaware Superior Court in New Castle County. That petition challenges the sentence imposed by the Superior Court in New Castle County on the basis of *Blakely v. Washington, supra,* and on an additional ground of the First Amendment "right to petition."

3. Petitioner is currently in custody at the Sussex Correctional Institution ("SCI") in Georgetown, Delaware, a facility of the Delaware Department of Correction. Petitioner is housed at the Merit Building and is employed as an educational assistant (or "tutor") in the GED program of the SCI education department. Petitioner has no record at SCI of disciplinary action against him nor are there any disciplinary proceedings of any nature pending or anticipated.

4. This motion is interposed with Court for the sole purpose of facilitating this Court's disposition of petitioner's petitions for *habeas corpus* relief. It is not filed with the intention to obstruct, interfere with or delay any action or intended action of any nature of the Delaware Department of Correction.

5. At various times since the docketing of petitioner's *habeas corpus* petitions in this Court, petitioner has been advised by employees of the

Delaware Department of Correction, including respondent, who purport to have knowledge of the future plans of the Department, that large scale "reclassification" of inmates at SCI and a resulting reassignment of the custody of many inmates at SCI is planned for a near (but unspecified) time in the future. Such reassignment is said by some of those employees to include not only reassignments to other correctional facilities in the State of Delaware but also correctional facilities outside the State of Delaware in locations remote therefrom that will involve significant new and additional restraints upon the personal liberty of such inmates who are in fact transferred.

6. Petitioner has not been expressly advised that he is subject to reassignment, but, conversely, he has not been expressly advised that he is exempt therefrom. While versions of the plan of intended reassignment differ, at least one version thereof would include inmates in petitioner's general level of classification within that group of inmates to be reassigned.

7. By this motion, petitioner seeks an order of this Court fixing the conditions of prior notice to this Court and "need shown" upon any transfer, intrastate or interstate, of petitioner's custody while the *habeas corpus* petitions filed by him are pending in this Court.

8. Petitioner's present motion seeks to have this Court extend to petitioner as a *habeas corpus* litigant in a District Court the protection that Rule 23(a) of the Federal Rules of Appellate Procedure affords to such litigants who are before a Court of Appeals by conditioning any transfer of custody upon a showing of need and prior notice.

9. A motion relating to transfer of custody of an inmate who has filed for *habeas corpus* relief is addressed to the sound discretion of the Court. *Mitchell v. McCaughtry*, 291 F.Supp. 2d 823 (E.D. Wis., 2003). The impediment to relief by the writ of *habeas corpus* that would be created by a transfer of custody is to be balanced against any other factors relevant to that issue in deciding a motion addressed to a transfer of custody. *Goodman v. Keohane,* 663 F.2d 1044 (11th Cir., 1981) *rehearing denied* 668 F.2d 536 (1981).

10. While the transfer of petitioner's custody would not divest this Court of jurisdiction over petitioner's petition, *Francis v. Rison*, 894 F.2d 353 (9th Cir., 1990), any transfer of such custody, particularly an interstate transfer or a transfer to a higher security facility, would likely result in a substantial increase in the difficulty that petitioner would experience in litigating the petitions filed in this Court. Such a transfer would likely make access to legal research materials more restricted; petitioner's

ability to mail out manuscripts of documents for typing and copying will be hampered; and petitioner's access to telephone contact to track the filing of documents with this Court will likely be diminished, among other practical difficulties.

11. Beyond the foregoing considerations and of paramount importance to petitioner's ability to prosecute the *habeas corpus* petitions on a *pro se* basis is the disruption of petitioner's ability to effectively communicate with this Court that would necessarily follow any transfer of petitioner's custody as is set forth below.

12. Mail service is the sole means that petitioner has available to him to communicate with this Court whether by way of directly sending or receiving documents or forwarding documents to third parties for hand filing with the Court as was done with the petitioner's *habeas corpus* petitions. During the course of petitioner's near three year term of custody at the Delaware Department of Correction, he has observed that delivery of mail to inmates is capricious at best, often occurring only four days per week and less when holidays are present. As one example: petitioner's petition to the United States Supreme Court for a writ of *certiorari* to the Delaware Supreme Court after that court's decision in what the decision under review in Civil Action No. 05-051(GMS) in this

Court was placed in the SCI prisoner mail dropbox on February 12, 2005; it was *postmarked* by the SCI mailroom postage meter on February 11, 2005; yet it did not arrive in the Washington, D.C. offices of the Clerk of the United States Supreme Court until February 22, 2005 – eleven days after being postmarked.

13. Should petitioner be transferred, the delays in mail service previously experienced can only be exacerbated. Based upon petitioner's observations since his incarceration, mail addressed to petitioner at SCI would be forwarded not to petitioner through the United States Postal Service but, rather, will be forwarded to petitioner through the Delaware "state mail'" a state government interagency delivery service. Based upon petitioner's experience with state mail delivery during the pendency of petitioner's direct appeals to the Delaware Supreme Court, state mail delivery from Wilmington to SCI can routinely take up to ten days and more. A transfer of petitioner's custody and the delays in redirecting mail to him attendant thereto would effectively prevent petitioner from complying with the filing deadlines fixed by the Court in petitioner's cases and therefore hamper his ability to participate in this litigation. Petitioner has previously suffered grave prejudice in an appeal from a Delaware Family Court proceeding in Wilmington as a result of the mail

service at SCI and is apprehensive with respect to a repetition of that experience in this Court given the stakes involved in this litigation. The conditions petitioner seeks to have this Court impose upon any transfer of his custody are directed to ameliorating the conditions that might hamper the obtaining of petitioner's right to relief in this Court.

14. The conditions that petitioner seeks by this motion to have imposed by the Court upon any transfer – that is, prior notice and "need shown" – are both temporary and minimal restrictions upon the ability of the Delaware Department of Correction to perform its duties relative to petitioner's custody. Such conditions are only a marginal increase upon the due process obligations already borne by the Department in cases of proposed transfers to a more restrictive custody. See *Wilkinson v Austin,* __U.S.__ (June 15, 2005). The principle embodied in FRAP 23(a) is a salutary one and, petitioner submits, an appropriate principle to be adopted given the circumstances of this case. There is no sound reason why conditions respecting petitioner's custody that would be in effect if petitioner's case were pending in a Court of Appeals should not be emplaced by this Court for the period of time during which petitioner's *habeas corpus* petitions are pending in this Court. Exposing petitioner to the hardships in litigating this case that would follow a transfer in

custody merely because his case is in the procedural posture of being in the District Court seems an unreasonable result.

15. Petitioner hereby waives the opportunity to file a further brief or memorandum in support of this motion.

**WHEREFORE**, petitioner moves for an order of this Court conditioning any transfer of petitioner's custody upon the two conditions of prior notice to this Court and need shown.

Date: August 23, 2005

John H. Benge, Jr.
Sussex Correctional Inst.
P.O. Box 500
Georgetown, DE 19947

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached Motion To Fix Conditions On Transfer Of Custody were served on August 23rd, 2005 by depositing the same in the prisoner mail dropbox at Sussex Correctional Institution, Georgetown, Delaware, first class mail, postage prepaid, and addressed to:

> Gregory E. Smith, Esq.
> Deputy Attorney General
> Department of Justice
> 820 North French Street
> Wilmington, DE 19801

I hereby certify under penalty of the laws of the United States of America that the foregoing is true and correct.

Executed on August 23, 2005

*[signature]*

CLERK OF THE COURT
U.S. DISTRICT COURT LOCKBOX 18
844 N. KING STREET
WILMINGTON DE
19801



U.S.M.S.
X-RAY



PRIORITY MAIL
UNITED STATES POSTAL SERVICE
www.usps.gov
LABEL 107R, OCT 1997



I/M: J. BENGE  BLDG. MER W
SUSSEX CORRECTIONAL INSTITUTION
P.O. BOX 500
GEORGETOWN, DELAWARE 19947