Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

Briefs and Other Related Documents  
Only the Westlaw citation is currently available.  
United States District Court, D. Delaware.  
Dwayne TWYMAN Petitioner,  
v.  
WARDEN SHERESE BREWINGTON CARR, Multi-Purpose Criminal Justice Facility, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.  
**No. CIV. A. 96-365-SLR.**

April 7, 1997.

Dwayne Twyman, pro se.  
William E. Molchen, Deputy Attorney General, Department of Justice, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

I. INTRODUCTION

**\*1** Petitioner Dwayne K. Twyman ("Twyman") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondents have filed their answer, contending that the petition should be denied and dismissed on various grounds. (D.I.7) Twyman has filed a response to respondents' answer. (D.I.10) This matter is ripe for judicial action.

II. BACKGROUND

On October 8, 1992, a Delaware Superior Court convicted Twyman on one count of delivery of cocaine and one count of second degree conspiracy. (D.I. 2 at 1-2; D.I. 10 at 1) The Superior Court subsequently sentenced him on December 11, 1992. Twyman was sentenced to one year probation for the conspiracy offense. (D.I. 10 at 1) For the offense of delivery of cocaine, Twyman was sentenced to 20 years, suspended after 15 years for probation. (D.I. 2 at 2; D.I. 7 at 1) Because of a previous drug conviction, he received an enhanced 15 year minimum mandatory sentence pursuant to 16 Del. C. § 4763(a)(3). Twyman's convictions were affirmed by the Delaware Supreme Court on direct appeal. *Twyman v. State,* No. 584, 1992 (Del. July 11, 1994).

Twyman subsequently applied for post-conviction relief arguing that his enhanced sentence was illegal and in violation of his due process rights. The Superior Court held that Twyman's claim was procedurally barred because he failed to raise this issue earlier. (D.I. 9, Appendix to State's Answering Brief at B9) The Superior Court, however, found that Twyman's sentencing was a "technical violation" of 11 Del. C. § 4215(a). [FN1] (*Id.* at B11) Specifically, the Superior Court found that during Twyman's sentencing the court did not require Twyman to admit or deny his previous conviction and the prosecution did not present any evidence of the prior conviction. Accordingly, the Superior Court treated Twyman's motion for post-conviction relief as a motion to correct an illegal sentence. (*Id.* at B11) Pursuant to Superior Court Rule 35(a), the Superior Court vacated Twyman's original sentence and ordered that he be resentenced. [FN2] (*Id.* at B12)

> FN1. Section 4215(a) provides in part:
> If at the time of sentence, it appears to the court that the conviction of a defendant constitutes a second or other conviction making the defendant liable to a punishment greater than the maximum ..., the court shall fully inform the defendant as to such previous convictions or convictions and shall call upon the defendant to admit or deny such previous conviction or convictions. [ ] If the defendant shall stand silent or if he shall deny the prior conviction or convictions, he shall be tried upon the issue of previous conviction....
> 11 Del. C. § 4215(a).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

> FN2. Superior Court Criminal Rule 35(a) provides that "[t]he court may correct an illegal sentence at any time.... " Super. Ct.Crim. R. 35(a).

On September 8, 1995, Twyman was resentenced pursuant to 11 Del. C. § 4215(a). During the resentencing hearing, Twyman denied that he had been convicted for delivery of cocaine in 1990. (*Id.* at B26) The prosecution presented evidence of Twyman's prior conviction. (*Id.* at B26-B28) Based on this record, the Superior Court found that Twyman had a previous conviction and was thus subject to enhanced penalties under 16 Del. C. § 4763(a)(3). The Superior Court then resentenced Twyman to the same terms as his original sentence. On April 11, 1996, the Delaware Supreme Court affirmed the Superior Court on direct appeal. (D.I. 9, *Twyman v. State,* 368, 1995 (Del. Apr. 11, 1996)) On June 8, 1996, Twyman filed this petition for federal habeas corpus review. (D.I.2)

### III. DISCUSSION

#### A. The Antiterrorism and Effective Death Penalty Act

On April 24, 1996, Congress passed the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104-132, 110 Stat. 1214. This statute amends several of the provisions pertaining to federal habeas corpus relief. The amendments place time limits on petitions for relief from state court convictions, [FN3] permit federal courts to deny relief on the merits despite failure to exhaust state remedies, and foreclose relief on grounds previously adjudicated in state court, unless such previous adjudication

> FN3. *See* 28 U.S.C. § 2244(d)(1) (1997) (imposing a one year period of limitation on applications for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court).

**\*2** (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  
28 U.S.C. § 2254(d) (1996). With regard to factual issues, the new provisions state that any factual determination made by a state court shall be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e).

Petitioner argues that the AEDPA amendments do not apply to his habeas corpus petition because he filed it "prior to the enactment of the [AEDPA] on April 24, 1996. (D.I. 10 at 4) The record indicates, however, that petitioner signed his petition on May 29, 1996. (D.I. 2 at 5) On June 19, 1996, the Clerk's Office for the United States District Court for the District of Delaware received his petition. (D.I. 2 at 5,6) On July 8, 1996, his petition was filed and he was granted leave to proceed *in forma pauperis.* (D.I.1, 2). Based on this record, the court finds that the AEDPA amendments apply to petitioner's habeas corpus petition.

#### B. Exhaustion Requirement

Before the court reviews Twyman's claims, it will ascertain whether petitioner has exhausted all available state remedies. 28 U.S.C. § 2254(b). Comity is the rationale underlying the exhaustion requirement, which allows state courts the first opportunity to pass on alleged defects in the criminal proceedings leading to the conviction at issue. Recognizing that principles of federal-state comity must restrain unnecessary "[f]ederal intrusions into state criminal trials," *Engle v. Isaac,* 456 U.S. 107, 128, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), the United States Supreme Court has held that the exhaustion requirement must be "rigorously enforced." *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see also Santana v. Fenton,* 685 F.2d 71, 77 (3d Cir.1982).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

To exhaust state remedies, a petitioner must have raised before the highest state court the factual and legal premises of the claims for relief he asserts in the federal proceeding. *Chaussard v. Fulcomer,* 816 F.2d 925 (3d Cir.1987); *Gibson v. Scheidemantel,* 805 F.2d 135, 138 (3d Cir.1986). In a case where the court determines that the petitioner has not exhausted all state remedies, the court may also determine whether "recourse to state collateral review whose results have effectively been predetermined ..." would justify review by the district court. *Castille v. Peoples,* 489 U.S. 346, 350, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

In his habeas petition, Twyman presents three claims. Claim 1 asserts that during the December 11, 1992 sentencing hearing the Superior Court failed to comply with 11 Del. C. § 4215(a) when it imposed an enhanced penalty pursuant to 16 Del. C. § 4763(a)(3). (D.I. 2 at 4, ¶ 12) Based on this error, Twyman asserts that his sentence was "improper and in violation of Article I, Section 7 of the Delaware Constitution, and the 5th amendment of the United States Constitution applicable to the States through the 14th Amendment." (D.I. 2 at 4, ¶ 12) Claim 2 asserts that "Superior Court's subsequent attempt on September 8, 1995, to re-sentence petitioner to an enhanced sentence ... after vacat[ing] the [December 11, 1992] sentence ... is barred by the doctrine of collateral estoppel." (D.I. 2 at 4, ¶ 13) Claim 3 asserts that "the sentence imposed on September 8, 1995, is an illegal sentence and must be considered void because of the doctrine of collateral estoppel." (D.I. 2 at 5, ¶ 14)

**\*3** These claims were presented to the Delaware Supreme Court in Twyman's appeal of his state post-conviction motion. *Twyman v. State,* No. 368, 1995 (Del. Apr. 11, 1996). Accordingly, the court finds that Twyman has exhausted his state remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) (1997).

### C. Claim 1

Claim 1 is based on the Superior Court's initial failure to comply with 11 Del. C. § 4215(a) when it sentenced Twyman to an enhanced penalty pursuant to 16 Del. C. § 4763(a)(3). Twyman asserts that the Superior Court's error violated his due process rights as guaranteed by the United States and Delaware Constitutions.

Section 2254(a) of Title 28 provides in part that a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (1997). As § 2254(a) makes clear, claims based on questions of state substantive law are not proper subjects for federal habeas review. *Estelle v. McGuire,* 502 U.S. 62, 67-68, n. 2, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). Thus, a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable. *Warner v. Ellingsworth,* C.A. No. 90-578-LON (D.Del. Apr. 23, 1991) (citing *Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988)). This limitation of federal habeas review is applicable even if the petition is " 'couched in terms of equal protection and due process.' " *Branan,* 861 F.2d at 1508 (citation omitted). Since federal habeas review is not available for claims based on questions of state law, Twyman's claim that his state due process rights were violated shall be dismissed.

Twyman has also invoked his federal due process rights as guaranteed under the 5th and 14th amendments. As noted above, the AEDPA limits federal habeas relief to situations where the state court decision was (1) contrary to or unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States" or was (2) based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1), (2) (1997). Petitioner does not offer any arguments addressing this standard. [FN4]

FN4. As noted above, petitioner argues that the AEDPA amendments do not apply to his petition.

Generally, a state court's failure to follow its own

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 4

procedural rules does not itself raise a federal constitutional question cognizable in a federal habeas proceeding. *Stewart v. Estelle,* 634 F.2d 998, 999 (5th Cir.1981); *Hill v. Estelle,* 653 F.2d 202, 205 (1981). In certain circumstances, however, a violation of a state sentencing statute can invoke due process protections of the United States Constitution. *See Hicks v. Oklahoma,* 447 U.S. 343, 346, 100 S.Ct. 2227, 65 L.Ed.2d 175 (1980). Petitioner's case is distinguishable from *Hicks.* In *Hicks,* the petitioner was entitled to have his punishment fixed by a jury at any number of years not less than ten. *Id* at 345-346. The petitioner, however, was erroneously given a mandatory forty-year sentence. *Id.* at 346. The Supreme Court held that the sentencing court's error violated the petitioner's due process rights because it was an "arbitrary deprivation" of the petitioner's "substantial and legitimate expectation that he [would] be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion." *Id.* In the present case, the Superior Court corrected Twyman's sentence to conform with the appropriate statutory requirements. Twyman does not argue that any procedures were violated during his resentencing. Furthermore, Twyman has not established that he was prejudiced "in the sense of not having had an adequate opportunity to defend against" the resentencing proceedings. *Cf. Denton v. Duckworth,* 873 F.2d 144, 148-149 (7th Cir.1989) (finding no due process violation in the filing of amended habitual offender information to redetermine petitioner's habitual offender status).

**\*4** The Superior Court corrected petitioner's sentence pursuant to Rule 35(a) which provides the Superior Court the authority to "correct an illegal sentence at any time." Super. Ct.Crim. R. 35(a). *See Urquhart v. State,* No. 220, 1990 (Del. May 8, 1991) ("the authority of a trial court to correct error through resentencing is well settled"). The proper remedy in Twyman's case was "to resentence him in accordance with the statutory requirements, not reduce the enhancement portion of the sentence." *United States v. Purcell,* 715 F.2d 561, 564 (11th Cir.1983); *United States v. Jordan,* 810 F.2d 262, 269 (D.C.Cir.1987). Indeed, the Supreme Court has

rejected the 'doctrine that a prisoner whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.'

*Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947) (citation omitted). The court finds that petitioner has failed to demonstrate that the Superior Court's decision was contrary to or unreasonably applied clearly established federal law. The court also finds that Twyman's claim fails to establish that he was arbitrarily deprived of liberty. Consequently, the court shall dismiss petitioner's federal due process claim.

### C. Claims 2 and 3

Claims 2 and 3 essentially assert that collateral estoppel barred the Superior Court from ordering a hearing to resentence petitioner pursuant to 11 Del. C. § 4215(a). Twyman claims that "the failure to establish the enhancement factor" at his first sentencing "became a final judgment," and, therefore, could not be relitigated at his resentencing. (D.I. 2 at 4, ¶ 13) The court finds this argument meritless.

Again, Twyman must establish that the Superior Court's decision was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). The doctrine of collateral estoppel is "embodied in the Fifth Amendment guarantee against double jeopardy." *Ashe v. Swenson,* 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). Under the doctrine of collateral estoppel, "an issue of ultimate fact [that has] been determined by a valid and final judgment cannot again be litigated between the same parties in any future lawsuit." *Id.* at 443. Although the collateral estoppel aspect of double jeopardy has been applied to capital sentencing cases, it has not been applied to non-capital sentencing proceedings. *See Arizona v. Rumsey,* 467 U.S. 203, 104 S.Ct. 2305, 81 L.Ed.2d 164 (1984) and *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 5

As noted above, Twyman does not challenge that the Superior Court complied with 11 Del. C. § 4215(a) when it resentenced him to the same terms as his original sentence. [FN5] In resentencing Twyman, the Superior Court simply imposed a valid sentence for an offense in place of an invalid sentence. *Bossa v. United States,* 330 U.S. 160, 167, 67 S.Ct. 645, 91 L.Ed. 818 (1947). By correcting Twyman's sentence, the Superior Court "did not twice put [Twyman] in jeopardy for the same offense." *Id.* Thus, this court finds that the Superior Court's order to resentence Twyman in accordance with 11 Del. C. § 4215(a) does not constitute double jeopardy. [FN6] *Id.* at 166. The court finds that Twyman fails to establish that the Superior Court's decision to resentence him was contrary to or involved an unreasonable application of clearly established federal law. Consequently, the court shall dismiss claims 2 and 3.

> FN5. Indeed, the record clearly establishes that the Superior Court complied with the statutory requirements of 11 Del. C. § 4215(a) when it resentenced Twyman. (D.I. 9, Appendix to State's Answering Brief at B23-B29)

> FN6. Collateral estoppel does not even apply to the facts of Twyman's claim. By failing to comply with 11 Del. C. § 4215(a) in the first sentencing proceeding, the Superior Court failed to afford a full and fair opportunity to litigate the issue of Twyman's previous conviction. It was only during the resentencing proceeding that the issue of Twyman's previous conviction was actually in dispute.

### III. CONCLUSION

**\*5** For the reasons stated above, the court finds that Twyman has failed to establish that the Superior Court's decision to resentence him was contrary to or involved an unreasonable application of clearly established federal law. The court shall dismiss Twyman's claims and deny his petition for writ of habeas corpus. An order consistent with this memorandum opinion shall issue.

D.Del.,1997.  
Twyman v. Carr  
Not Reported in F.Supp., 1997 WL 309456 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:96CV00365 (Docket) (Jul. 08, 1996)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.