Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Robert F. DORN, Petitioner,
v.
Richard KEARNEY, Warden, and M. Jane Brady, Attorney General of the State of Delaware, Respondents.
**No. 96-301-SLR.**

Dec. 10, 1997.

Robert F. Dorn, for petitioner, pro se.
Thomas E. Brown, Deputy Attorney General, Wilmington, Delaware, for respondents.

MEMORANDUM OPINION

ROBINSON, J.

**I. INTRODUCTION**

*1 Petitioner Robert F. Dorn ("Dorn") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 10, 1996. (D.I.1) [FN1] Petitioner seeks habeas corpus relief on the ground that the sentence he received was "illegal" and inconsistent with the laws of the State of Delaware in "violation of Equal Protection rights and cruel and unusual punishment." (D.I.1) Respondents filed an answer, claiming that petitioner's sentence was well within the applicable statutory limits under state law. (D.I.8) Respondents urge the court to dismiss the petition because petitioner's challenge presents only a question of state law for which federal habeas relief is unavailable. (D.I.8) For the reasons stated below, the court will dismiss the petition and deny the requested relief.

> FN1. The court notes that it inadvertently substituted Warden Robert Snyder for Warden Richard Kearney as a respondent in the order issued January 16, 1997. (D.I.5) Pursuant to Rule 2 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, Warden Richard Kearney should be named as a respondent.

**II. BACKGROUND**

In November 1993, Dorn was convicted by a Delaware Superior Court in and for Kent County jury of one count of aggravated harassment. (D.I. 1 at 1) Dorn later pled guilty to 27 more counts of aggravated harassment. (D.I. 1 at 1) In March 1994, Dorn was sentenced on the 28 counts of aggravated harassment to six months imprisonment at Level V incarceration for each of 10 counts, six months at a Level IV facility for each of two counts, and six months at Level III probation for each of the remaining 16 counts, or a total sentence of five years incarceration at Level V and nine years of work release and probation. (D.I. 1 at 1)

In June 1994, Dorn, through his trial counsel, filed a motion for reduction of sentence in Superior Court alleging that (1) the sentence imposed exceeded that which was recommended by the guidelines promulgated by the Sentencing Accountability Commission ("SENTAC"); and (2) mitigating circumstances justified a downward departure. (D.I.10) Dorn's motion was denied on June 13, 1994.

Subsequently, Dorn filed a *pro se* motion for postconviction relief that alleged, in addition to ineffective assistance of counsel, the sentence was "illegal [and] arbitrary" because it was outside the SENTAC guidelines. (D.I.10) The Superior Court denied Dorn's motion for postconviction relief on March 30, 1995. (D.I. 10) On June 14, 1995, Dorn's appeal to the Delaware Supreme Court was dismissed as untimely filed. (D.I.10)

Dorn filed a motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a) on July 17, 1995 in the Superior Court, alleging that his sentence was outside the SENTAC guidelines and violated the laws of the State of Delaware, specifically 11 Del.C. § 4202(a)(2) and (b) and 11 Del.C. § 4206(b). (D.I. 1 at

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)
**(Cite as: Not Reported in F.Supp.)**

2-3) Characterizing Dorn's motion as a motion for reduction of sentence under Rule 35(b), the Superior Court denied the motion as being without any substantive basis, repetitive, and time-barred. (D.I. 1 at 3)

By letter dated August 28, 1995 to the Superior Court, Dorn acknowledged receipt of the Superior Court's order disposing of a motion for reduction of sentence and inquired as to the status of his motion for correction of sentence. (D.I.10) The Superior Court, by letter dated September 11, 1995, responded that the sentence imposed was not illegal and that absent extraordinary circumstances, the court's authority allowed for modification of a sentence only within ninety days of the date of sentence; thus, the court refused to revisit Dorn's motion for correction of sentence. (D.I.10)

**\*2** In November 1995, Dorn appealed the Superior Court's order denying his motion for correction of sentence to the Delaware Supreme Court, arguing that denial of his motion was an abuse of discretion because his sentence was illegal and against SENTAC guidelines. (D.I.10) Dorn requested that he be resentenced "in accordance with the Law." (D.I.10) In addition, Dorn sought leave to file a Certificate of Questions of Law. (D.I.10) In response, the State moved to affirm the judgment of the Superior Court and to strike Dorn's Certificate of Questions of Law. (D.I.10) On January 29, 1996, the Delaware Supreme Court granted the State's motion to strike the Certificate of Questions of Law on the ground that it was a nonconforming document. (D.I.10) The Supreme Court granted as well the State's motion to affirm on the ground that the Superior Court's election to depart from the nonbinding SENTAC guidelines was not a basis for appeal. (D.I.10)

On June 10, 1996, Dorn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.1)

### III. DISCUSSION

In his claim for federal relief, Dorn alleges that the sentencing judge abused his discretion in departing from the sentencing guidelines. (D.I. 1 at 1) Specifically, petitioner asserts that the sentence he received was illegal, ambiguous, arbitrary, and inconsistent with the SENTAC guidelines; therefore, his sentence violated his rights under the Equal Protection Clause and the Eighth Amendment. (D.I. 1 at 2) Respondents contend that Dorn is barred from federal habeas review because (1) he was sentenced within the state statutory limits; and (2) his challenge to the state judge's departure from the SENTAC guidelines presents only a question of state substantive law for which federal habeas relief is unavailable. (D.I. 8 at 5)

Respondents correctly state that questions of state substantive law are not a proper subject for federal habeas corpus review. *See* 28 U.S.C. § 2254(a); *Wainwright v. Sykes,* 433 U.S. 72, 81, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Jones v. Superintendent of Rahway State Prison,* 725 F.2d 40, 42-43 (3d Cir.1984). When only state law claims are presented, the court cannot grant federal habeas relief even though the challenge is couched in terms of due process or equal protection. *See Branan v. Booth,* 861 F.2d 1507, 1508 (11th Cir.1988) (citations omitted). Specifically, a state court's sentencing decision and claims arising out of that decision are generally not constitutionally cognizable. *See Booth,* 861 F.2d at 1508; *Haynes v. Butler,* 825 F.2d 921, 924 (5th Cir.1987), *cert. denied,* 484 U.S. 1014, 108 S.Ct. 717, 98 L.Ed.2d 667 (1988); *Jones v. Estelle,* 622 F.2d 124, 126 (5th Cir.), *cert. denied,* 449 U.S. 996, 101 S.Ct. 537, 66 L.Ed.2d 295 (1980). As a general rule, a federal court will review only those state sentencing decisions that exceed or are outside the statutory limits or are wholly unauthorized by law. *See, e.g., Bozza v. United States,* 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *Williams v. Duckworth,* 738 F.2d 828, 831 (7th Cir.1984), *cert. denied,* 469 U.S. 1229, 105 S.Ct. 1229, 84 L.Ed.2d 367 (1985).

**\*3** Although Dorn contends that the sentence he received exceeded that statutorily allowed, the court concludes that Dorn was sentenced within the statutory limits. Dorn was found guilty on 1 count of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)  
**(Cite as: Not Reported in F.Supp.)**

Page 3

aggravated harassment and pled guilty to 27 other counts of aggravated harassment. Under Delaware law, aggravated harassment is a class B misdemeanor. 11 Del.C. § 1312(1). The sentence for a class B misdemeanor may include up to 6 months incarceration at Level V, a fine of up to $1,150, restitution, and other conditions as the sentencing court deems appropriate. 11 Del.C. § 4206(b). In accord with this statutory guideline, the Superior Court sentenced Dorn to a period of 6 months imprisonment at Level V for each of ten counts, six months at a Level IV facility for each of two counts, and six months at Level III probation for each of the remaining 16 counts. (D.I.10) Moreover, under Delaware law, SENTAC sentencing guidelines are voluntary and non-binding and "no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards."

*Administrative Directive Number Seventy-Six,* Del.Supr., Christie, C.J. (Sept. 15, 1987); *see also Mayes v. State,* 604 A.2d 839, 845-46 (Del.1992).

The court concludes that Dorn was sentenced within statutory limits and that he has failed to raise any constitutionally cognizable claims with regard to his sentence. Accordingly, the court finds that Dorn's challenge to the state judge's departure from SENTAC guidelines presents only a question of state substantive law, for which federal habeas relief is unavailable. *See Smith v. Phillips,* 455 U.S. 209, 221, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

### IV. CONCLUSION

For the foregoing reasons, the court concludes that petitioner's request for habeas relief filed pursuant to 28 U.S.C. § 2254 lacks merit. Therefore, the Dorn's petition shall be dismissed and the writ denied. An appropriate order shall issue.

D.Del.,1997.  
Dorn v. Kearney  
Not Reported in F.Supp., 1997 WL 811565 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:96CV00301 (Docket) (Jun. 10, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.