# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| John H. Benge, Jr., ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. 05-0550(GMS) |
| v. ) | |
| ) | |
| Michael DeLoy, Warden ) | |
| Sussex Correctional ) | |
| Institution  And ) | |
| Joseph R. Biden, III, Esq., ) | |
| Attorney General Of The ) | |
| State of Delaware, ) | |
| ) | |
| Respondents ) | |

## MOTION PURSUANT TO RULES 59(e) AND 52(b) TO ALTER OR AMEND JUDGMENT AND FINDINGS OF FACT

COMES NOW, John H. Benge, Jr. ("Petitioner"), *pro se*, and pursuant to Rule 59(e) and 52(b) of the Federal Rules of Civil Procedure ("FRCP") moves to alter or amend the judgment of the Court of June 22, 2007 in the above captioned action. The grounds for this motion and the manner in which Petitioner seeks alteration or amendment of the Court's judgment are as follows:

I.   **Factual Findings**[1]

A. "...Benge failed to object to the prosecutorial misconduct during his trial..", slip opinion, p.8.

---

[1] To the extent that amendment of the Court's factual findings are properly reviewed by motion filed under FRCP Rule 52(b) rather than 59(e), Petitioner requests that the Court deem this motion filed pursuant to the appropriate rule of court.

1. This clearly erroneous and pivotal finding of fact in the Court's opinion in this case should in fairness be corrected. The significance of this finding of fact is that it is the basis upon which this Court concluded that the Delaware Supreme Court found Petitioner's prosecutorial misconduct claim (Claim No. 4) to be procedurally barred, a finding which this Court in turn found to procedurally bar that claim as the basis for federal *habeas corpus* relief.

2. It is beyond principled debate that Petitioner's counsel did in fact lodge a contemporaneous objection at trial to the prosecutor's inappropriate remarks. The Delaware Supreme Court so noted in its opinion in Petitioner's case ("The defense objected to the remark and the trial judge immediately instructed the jury to disregard the comment." *Benge v. State*, Del. Supr. No.544, 2003, order, November 14, 2004; p. 6, ¶12). The precise objection lodged appears at Page 131 of Volume F of the trial transcript of August 26, 2003 and the trial judge noted as follows as he spoke directly to the jury: "When [the prosecutor] finished her examination of [Petitioner], when she was walking away, she made a comment to [Petitioner] which characterize (sic) him in a certain way. [Defense counsel], I believe immediately objected." (Transcript of August 26, 2003 trial, Volume F, page 148).

3. On Petitioner's direct appeal to the Delaware Supreme Court, that court applied, for the first time in any case, a new – or previously *not* applied - procedural bar requiring not only a contemporaneous objection at trial but *also* an objection to the trial court's curative instruction and a motion for a mistrial in order to preserve alleged prosecutorial misconduct as a grounds for appeal. The imposition of this new procedural bar by the Delaware Court will be the basis of Petitioner's request

for leave to appeal in this matter pursuant to 28 U.S.C. §2263© and Federal Rules of Appellate Procedure Rule 23(b) and the Third Circuit's ruling in *Reynolds v. Ellingsworth*, 843 F2d 712 (3rd Cir., 2001) (refusing to apply a procedural bar invoked for the first time by the Delaware Supreme Court in the case then *sub judice*; see, more particularly, Petitioner's reply brief in No. 05-0550, at p. 43).

4. The "manifest error" of this finding unnecessarily prejudices Petitioner's effort to seek appellate review of a significant question of law as Petitioner will be burdened with the necessity to demonstrate to the appellate court the error of this Court's finding if it remains uncorrected.

5. The amendment sought is to have the relevant finding of the court read as follows: "Petitioner's counsel objected to the prosecutorial misconduct at trial, but his counsel neither objected to the trial court's curative given as a result of the prosecutor's comments nor did counsel move for a mistrial." This proposed amendment accurately reflects the trial record.

**B. "...Benge concedes that the PFA order was in effect at the time he committed the offenses...", slip opinion, p. 13.**

1. The Family Court PFA related charges were severed prior to Petitioner's trial in Delaware Superior Court. The jury was not even aware of the pendency of such charges let alone asked to consider them in rendering their verdict on August 28, 2003.

2. Because the PFA related charges quite simply had nothing to do with the case that was tried to the jury, Petitioner was at no point in that case called upon to "admit or deny" or "concede" the existence of a PFA whether during the trial, at

sentencing, or at any other time nor would Petitioner have done so because of the pending January, 2004 trial on the PFA related charges.

3. In point of fact, Petitioner was scheduled for trial on the PFA related charges on January 20, 2004, 2004, 5 months after the trial in the preceding August and 3½ months after his October 10, 2003 sentencing. Prior to the scheduled trial, Petitioner's counsel had drafted three preliminary motions attaching the legal grounds for the charges – including the validity of the PFA itself. (See pp. 2-3 of the transcript of the January 20, 2004 sentencing : by defense counsel: "I had prepared three motions in anticipation of the matter being tried...Thirdly, I took the position that the [Family Court] Commissioner was not empowered under the statutory authority to issue a PFA. It was an invalid PFA. If that were the case, all three of the counts were invalid.")

4. This Court's finding as to Petitioner's "concession" regarding the PFA is presumably based upon the guilty pleas entered 3½ months after Petitioner's sentencing in the case *sub judice* as the finding reached by the Court could have no other possible record basis. Petitioner's direct appeal to the Delaware Supreme Court had been pending for several months at the time of the guilty pleas; it is important to note that the ruling of that court on the direct appeal did not recite that Petitioner "conceded" the sentence enhancement factor of the PFA. By relying on the *post hoc* sentencing proceeding of January, 2004 to make findings of fact regarding Petitioner's "concession" of the PFA for a sentencing on October 10, 2003, this Court conflates consequence with sequence.

5. In addition, Petitioner has presently pending an appeal before the Delaware Supreme Court (No. 262, 2007) seeking to withdraw the guilty plea relating to the PFA related charges on January 20, 2004. If Petitioner is successful in the effort to withdraw the pleas, there will be no basis of any nature for the "concession" finding.

6. While *Blakely* claims are subject to "harmless review," *Recuendo v. Washington*, ___U.S.___ (2006), the scope of such review is limited to the record of the case *sub judice*. Further, application of the so-called "admitted facts" exception to the *Blakely* rule has been applied rather strictly in some cases: see, *e.g., State v. Franklin* 878 A.2d 757 (N.J., 2005) ((waiver of jury trial must be specific as to sentence enhancing factor; must be specific consent to judicial fact finding; no "after the fact" review of the record to find enhancing factor).

7. The amendment sought by Petitioner with respect to the "concession" finding is that it be deleted from the Court's findings.

## II. Certificate of Appealibility

### A. The Denial on Procedural Grounds

1. The two part *Slack v. McDaniel*, 529 U.S. 473 (2000) test for issuance of a COA when a claim is denied on procedural grounds is surely met in this case: the three due process claims denied on the basis of the Delaware Supreme Court Rule 8 procedural bar are each *cognizable claims* under existing Supreme Court decisions – this Court has not found such claims to be without merit. The fact that the Third Circuit has previously issued a COA on the issue of the independence and adequacy of Rule 8 in *Campbell v. Carroll* (slip opinion, footnote 7, page 8) is an indication that at least *one* jurist finds the issue arguable.

2. This Court's denial of a COA to Petitioner operates to potentially foreclose Petitioner's ability to litigate the Rule 8 issue despite the Third Circuit's receptiveness to the issue and to assume a particular outcome of the *Campbell* appeal. If denial of COA is intended to save the State from the necessity to litigate a meritless issue on appeal, that purpose has already been defeated as the issue is presently pending.

3. Beyond the Rule 8 issue apparently pending in *Campbell*, Petitioner has also raised the issue of the Delaware Court's creation of a new procedural bar in this case; see ¶ I. 3. above. The ruling of the Third Circuit in *Reynolds v. Ellingsworth* with regard to the first time application of procedural bars by the Delaware Supreme Court makes the possibility of the repetition of such an occurrence at least debatable.

**B. The Rejection Of *Blakely* On The Merits**

1. Blakely has wrought a sea change in the law of sentencing, a change that commentators have frequently compared to the impact of Miranda. At least two of such commentators have directly questioned whether Delaware's sentencing system violates the 6tth Amendment post-*Blakely*: (see, Skive, *Blakely v. Washington: Implications for A State Courts, National Center for State Courts, July 19, 2004;* Wool, Aggravated Sentencing: *Blakely v. Washington – Legal Considerations for State Sentencing Systems*, Vera Institute of Justice, September, 2004). Judicial opinion on the Blakely issue has been anything but unanimous – prior to *United States v. Booker*, 543 U.S. 220 (2005), Judge Easterbrook's dissenting opinion in the

7th Circuit received much comment and praise. Litigation in the state courts and the United States Supreme Court continues apace and will for years yet to come.

2. Nonetheless, this Court, which in its *Schmitz* opinion found no federal question presented by matters of state sentencing law generically, has found Delaware's presumptive sentencing system to be *beyond* the *Blakely* debate. Petitioner has not found a single federal case upholding a presumptive sentencing system: numerous state courts have found there systems to be violative of *Blakely* (many *with* dissents) and the two such systems reviewed by the United States Supreme Court have both been found to run afoul of the 6th Amendment – that of Washington in *Blakely* and that of California in *Cunningham v. California after* the highest courts of those states had rejected *Blakely* challenges as has been done by the Delaware Supreme Court.

3. The *Blakely* issue is "debatable" – and not just by this petitioner. This Court should amend its judgment to grant a COA.

**WHERFORE,** Petitioner moves for amendment of the findings and judgment of the Court as set forth above.

Date: June 28, 2007

John H. Benge, Jr.
P.O. Box 500
Georgetown, DE 19947

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that two copies of the attached motion were served on June 28, 2007 by depositing the same in the prisoner mail dropbox at Sussex Correctional Institution, first class mail, postage prepaid and addressed to:

> Thomas E. Brown, Esq.
> Department of Justice
> 820 North French Street
> Wilmington, DE 19801

I hereby certify under penalty of the laws of the United States of America that the foregoing is true and correct.

Executed on June 28, 2007

*[signature]*

0000

$16.25
00034881-08

EB267271147US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

**Addressee Copy**
Label 11-B, March 2004

**Post Office To Addressee**

**ORIGIN (POSTAL SERVICE USE ONLY)**

| | | |
|---|---|---|
| PO ZIP Code 19947 | Day of Delivery ☐ Next ☐ 2nd ☐ 2nd Del. Day | Postage $ [illegible] |
| Date Accepted Mo. Day Year [illegible] | Scheduled Date of Delivery Month Day | Return Receipt Fee $ |
| Time Accepted ☐ AM ☒ PM | Scheduled Time of Delivery ☒ Noon ☐ 3 PM | COD Fee $ / Insurance Fee $ |
| | Military ☐ 2nd Day ☐ 3rd Day | Total Postage & Fees $ [illegible] |
| Flat Rate ☐ or Weight lbs. ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials [illegible] |

**DELIVERY (POSTAL USE ONLY)**

| | | | |
|---|---|---|---|
| Delivery Attempt Mo. Day | Time | ☐ AM ☐ PM | Employee Signature |
| Delivery Attempt Mo. Day | Time | ☐ AM ☐ PM | Employee Signature |
| **Delivery Date** Mo. Day | Time | ☐ AM ☐ PM | Employee Signature |

**CUSTOMER USE ONLY**

☐ **WAIVER OF SIGNATURE** *(Domestic Mail Only)*
**Additional merchandise insurance is void if customer requests waiver of signature.**
I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

NO DELIVERY ☐ Weekend ☐ Holiday

Mailer Signature

**FROM:** (PLEASE PRINT) PHONE ( )

John H. Benge, Jr.
P.O. Box [illegible]
Georgetown, DE
19947

**TO:** (PLEASE PRINT) PHONE ( )

[illegible]
[illegible] Court
[illegible] N. King St. [illegible]
Wilmington DE 19801-[illegible]

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

EMS

PRESS HARD. YOU ARE MAKING 3 COPIES.

**MAIL**
**UNITED STATES POSTAL SERVICE®**